# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN LAMONT MONROE,

    Petitioner,

vs.

DWIGHT NEVEN, et al.,

    Respondents.

Case No. 2:08-CV-00073-JCM-(GWF)

**ORDER**

    Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#1), respondents' motion to dismiss (#12), and petitioner's reply (#21). The court grants the motion because petitioner has not exhausted his state-court remedies for grounds 4 and 5 of the petition.

    After a jury trial, petitioner was convicted of one count of conspiracy to commit robbery and two counts of robbery with the use of a deadly weapon. Ex. 20 (#10-9, p. 2).[1] Petitioner appealed, filing a fast track statement. Ex. 22 (#10-9, p. 8). The Nevada Supreme Court affirmed. Ex. 24 (#10-10, p. 2). Petitioner, with the assistance of counsel, then filed in state court a post-conviction habeas corpus petition and supplement. Ex. 26 (#10-11), Ex. 27 (#10-12). The district court denied the petition. Ex. 31 (#10-14, p. 3). Petitioner appealed, filing a fast track statement. Ex. 33 (#10-15). The Nevada Supreme Court affirmed. Ex. 35 (#10-16, p. 16).

---

[1] Page numbers in parentheses refer to the court's computer images of the documents.

Petitioner then commenced this action. Prior to service upon respondents, the court dismissed grounds 2, 3, and 7 of the petition (#1) because they were without merit. Order (#5).

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

Petitioner did not raise the claims in grounds 4 and 5 as issues of federal law on his direct appeal. Ground 4 is a claim that the jury's misunderstanding of the instruction on the use of a deadly weapon warrants a new trial. Ground 5 is a claim that the trial court's decision not to award petitioner time-served credit for the time that he spent on house arrest violates the due process clause of the Fourteenth Amendment. Petitioner presented these claims on direct appeal only as issues of state law. Ex. 22, pp. 15-17 (#10-9, pp. 22-24). The Nevada Supreme Court did not treat these claims as issues of federal law on its own initiative. See Ex. 24, pp. 7-9 (#10-10, pp. 8-10). Therefore, grounds 4 and 5 are unexhausted.

Petitioner notes that ground 13 of the petition (#1) is a claim that appellate counsel failed to raise the claims in grounds 4 and 5, among others, as issues of federal law on direct appeal.

He raised the same claim in his state habeas corpus petition. Ex. 27, pp. 44-46 (#10-12, pp. 45-47). Regardless, petitioner still needs to give the Nevada Supreme Court the opportunity to rule on the federal-law issues in grounds 4 and 5 before this court can consider these grounds.

The petition (#1) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983). Petitioner may voluntarily dismiss the unexhausted grounds 4 and 5 and proceed with the remaining grounds, he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust grounds 4 and 5, or he may move to stay this action while he returns to state court to exhaust grounds 4 and 5. If petitioner chooses the last option, he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005).

Also before the court are petitioner's motion for appointment of counsel (#18), respondents' opposition (#19), and petitioner's reply (#23). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the petition (#1) and the procedural circumstances of this action, the court concludes that appointment of counsel is not warranted.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#12) is **GRANTED**.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to do one of the following: (1) inform this court in a sworn declaration that he wishes to dismiss grounds 4 and 5 of his petition (#1), and proceed only on the remaining grounds

for relief, (2) inform this court in a sworn declaration that he wishes to dismiss his petition (#1) to return to state court to exhaust his state remedies with respect to the claims set out in grounds 4 and 5 of his petition (#1), or (3) move to stay this action while he returns to state court to exhaust his state remedies with respect to the claims set out in grounds 4 and 5 of his petition (#1).  Failure to comply will result in the dismissal of this action.

IT IS FURTHER ORDERED that if petitioner elects to dismiss the aforementioned grounds of his petition (#1) and proceed on the remaining grounds, respondents shall file and serve an answer or other response to the remaining grounds within forty-five (45) days after petitioner serves his declaration dismissing those grounds.  If respondents file and serve an answer, it shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

IT IS FURTHER ORDERED that if respondents file and serve an answer, petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (#18) is **DENIED**.

DATED:   November 24, 2008.

_____
JAMES C. MAHAN
United States District Judge